Davis, J.
Ünder the common law of England as it has been recognized and administered in this country, a woman cannot maintain against her seducer an action for damages arising from her own seduction. This is frankly admitted ■ by the counsel for the plaintiff. in error; but they ask a reversal of the judgment below upon the ground that the plaintiff was induced to consent' to the solicitations of the defendant by.a betrayal of the love and confidence which had been engendered *117 in her by a period of courtship and by a promise of .marriage' riiade. by -him. Confessedly, this' isinot an action ex contractu upon a promise of marriage, in which the ■ seduction. ■ might be- pleaded and proved as an aggravation of damages; but it is -clearly an ■ attempt to recover ex delicto. There is no averment of mutual promises or of an agreement to marry; arid an analysis of the amended petition discloses no more than that the defendant’s promise was one of the blandishments by which he accomplished his purpose. The case, therefore, presents no exception to the common law rule; for there is no claim of fraud, violence or artifice other than mere solicitation.
The theory of the common law. is that, since adultery and fornication are crimes, the woman is particeps criminis and hence that she cannot be heard to corriplain of a wrong which she helped to produce. It may be conceded that some of .the arguments adduced here might be fairly persuasive if addressed to the legislature. Indeed in several-of the states statutes have been enacted authorizing such an action; but a careful, study of the decisions in those states, limiting and construing those statutes, raises a doubt whether the legislation is a real advance upori the common law. 8 Ann. Cas., 1115, note. There is, however, no such statute in this state and the common law rule applies, "j
The judgment of the circuit court is

Affirmed.

Spear, C. J., Shauck, Price and Johnson, JJ., concur.
Donahue, J., not participating.